IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATA CARRIERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-787 (LPS) |
| | ) |
| ESTEE LAUDER, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ESTEE LAUDER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Estee Lauder, Inc. ("Estee Lauder" or "Defendant") files this Answer in response to Plaintiff Data Carriers, LLC's ("Data Carriers" or "Plaintiff") Complaint for Patent Infringement (the "Complaint"):

**PARTIES**

1. Estee Lauder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and accordingly these allegations are denied.

2. Estee Lauder admits that Estee Lauder, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal executive offices at 767 Fifth Avenue, New York, New York 10153. Estee Lauder denies the remaining allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Estee Lauder admits only that the Complaint purports to bring a civil action for patent infringement arising under the Patent Laws of the United States. Estee Lauder denies the remaining allegations of Paragraph 3 of the Complaint.

4. For purposes of this action only, Estee Lauder does not contest that this Court has personal jurisdiction over Estee Lauder. Estee Lauder denies it has committed any acts of patent infringement in this district. Except as expressly admitted herein, Estee Lauder denies the remaining allegations of Paragraph 4 of the Complaint.

5. For purposes of this action only, Estee Lauder does not contest that venue is proper in this judicial district. Except as expressly admitted herein, Estee Lauder denies the remaining allegations of Paragraph 5 of the Complaint.

## COUNT ONE

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,388,198

6. Estee Lauder admits that the application that led to the issuance of United States Patent No. 5,388,198 (the "'198 Patent") was filed on April 16, 1992. Estee Lauder admits that the '198 patent was issued on February 7, 1995 and is entitled "Proactive Presentation of Automating Features to a Computer User," and that a copy of the '198 patent is attached to the Complaint as "Exhibit A." Estee Lauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint and accordingly, these allegations are denied.

7. Estee Lauder denies the allegations of Paragraph 7 of the Complaint.

8. Estee Lauder denies the allegations of Paragraph 8 of the Complaint.

9. Estee Lauder denies the allegations of Paragraph 9 of the Complaint.

10. Estee Lauder denies the allegations of Paragraph 10 of the Complaint.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

11. Data Carriers' Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense (Non-Infringement)**

12. Estee Lauder has not, and does not infringe, contributorily infringe, or actively induce the infringement of, any valid claim of the '198 Patent, either literally or under the doctrine of equivalents.

**Third Affirmative Defense (Invalidity)**

13. The '198 Patent is invalid for failure to meet one or more of the requirements of patentability under United States Code Title 35, including, without limitation, one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fourth Affirmative Defense (Prosecution History Estoppel)**

14. On information and belief, by reason of prior art and the proceedings in the United States Patent and Trademark Office during the prosecution of the application, and all applications to which the '198 Patent claims priority, that led to the issuance of the '198 Patent, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Data Carriers is estopped from asserting that the claims of the '198 Patent cover and include the accused devices, methods or acts of Estee Lauder under the doctrine of equivalents.

**Fifth Affirmative Defense (Laches)**

15. On information and belief, Data Carriers and/or one or more of its predecessors in interest for the '198 Patent delayed filing suit for an unreasonable and inexcusable length of time from when it knew or reasonably should have known of Estee Lauder's allegedly infringing products. This delay has prejudiced and injured Estee Lauder. Data Carriers' Complaint is barred pursuant to the doctrine of laches.

### **Sixth Affirmative Defense (Failure to Mark or Provide Notice)**

16. On information and belief, Data Carriers is barred or otherwise limited in its right to seek damages due to a failure to mark products with the '198 Patent number or otherwise provide notice of alleged infringement of the '198 Patent to Estee Lauder.

### **Additional Affirmative Defenses**

Estee Lauder's investigations into the allegations set forth in Data Carriers' Complaint are ongoing. Estee Lauder expressly reserves the right to assert and pursue additional defenses.

### **PRAYER FOR RELIEF**

WHEREFORE, Estee Lauder prays for relief as follows:

A. That the Court dismiss Data Carriers' Complaint in its entirety, with prejudice;

B. That Data Carriers take nothing by reason of its claims against Estee Lauder;

C. That this case is exceptional and entitles Estee Lauder to an award of its costs, expenses and attorneys' fees under 35 U.S.C. § 285; and

D. That the Court grant Estee Lauder any such other relief that the Court deems just and equitable.

### **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Estee Lauder demands a jury trial as to all matters so triable.

OF COUNSEL:

Jan M. Conlin
Thomas C. Mahlum
Andrew J. Pieper
ROBINS KAPLAN MILLER
  & CIRESI LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015
(612) 349-8500

July 8, 2013
7325269

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Estee Lauder, Inc.*